UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

STEVEN D. LISLE, JR., )
CORTEZ RICHARDSON, )
KENNETH POWELL, DIONTE )
D. BURTON and DENZEL O. )
WALKER, )
   )
      Plaintiffs, )
   )
  v. )    17-CV-1336
   )
MICHAEL MELVIN, *et al.*, )
   )
      Defendants. )

## MERIT REVIEW ORDER

     Plaintiff Steven Lisle and six other plaintiffs filed this lawsuit alleging excessive force and retaliation. Two plaintiffs were dismissed for failure to comply with the court's orders regarding the filing fees and petitions to proceed *in forma pauperis* ("IFP"). The case is now before the court for a merit review of the remaining plaintiffs' claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

     In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiffs a chance to personally explain their claims to the court.

Plaintiffs are all housed at Pontiac Correctional Center. Plaintiff Lisle signed the complaint and attached affidavits with signatures of the other plaintiffs. A multi-plaintiff complaint must be signed by all plaintiffs. See *Lewis v. LencSmith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir.1986); Fed. R. Civ. P. 11. The court must strike any unsigned paper. Fed. R. Civ. P. 11(a). In addition, prisoners proceeding pro se are not allowed to act as class representatives. *See Huddleston v. Duckworth*, 97 F.R.D. 512, 514-55 (N.D. Ind. 1983).

Accordingly, plaintiffs' complaint is dismissed. The court will grant plaintiffs an opportunity to submit an amended complaint. However, the plaintiffs' respective claims appear to be separate incidents, and, therefore, the court will sever any claims asserted by Plaintiffs Richardson, Powell, Burton and Walker from this case and will open a new case for each plaintiff. *See Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) ("[D]istrict courts should not allow inmates to flout the rules for joining claims and defendants…or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint.").

Each plaintiff will be given thirty (30) days to file an amended complaint in their own respective case. The amended complaint must state one claim against one set of defendants, and must be a short and plain statement of the claim for relief. *See* Fed. R. Civ. P. 8.

IT IS THEREFORE ORDERED:

1. Plaintiffs' complaint is hereby dismissed with leave to replead. Plaintiff Lisle may file an amended complaint in this case within thirty (30) days that complies with the Court's instructions above.

2. The clerk is directed to open a new case for each plaintiff naming the same defendants. Each plaintiff in their newly-severed case is granted leave to file an amended complaint within (30) days identifying their claims against specific defendants. Failure to file an amended complaint will result in dismissal of his newly-severed case.

3. The clerk is also directed to:

   a) File the complaint, respective motion to proceed *in forma pauperis*, and accompanying text order granting IFP in each newly-severed case;

   b) File this merit review order in each newly-severed case; and

   c) Send the standard Notice of Case Opening for each newly-severed case to the respective plaintiff with a copy of this Order and a blank complaint form to assist him.

1. Plaintiffs' motions for status and clarification [7][26][27][28] are denied as moot.

2. Plaintiffs' also filed several motions seeking injunctive relief [8][23][29][30][32][34][35][38]. To prevail, "the moving party must demonstrate: (1) a likelihood of success on the merits; (2) a lack of an adequate remedy at law; and (3) an irreparable harm will result if the injunction is not granted." *Foodcomm Int'l v Barry*, 328 F.3d 300, 303 (7th Cir. 2003) (citations omitted). In his motions, plaintiff generally complains about recent events. All prisoners are required to exhaust administrative remedies prior to filing suit. Based on copies of grievances Plaintiff attached to his motions, it appears that process is available to plaintiff and his remedy at this point lies in the grievance process. Plaintiffs' motions [8][23][29][30][32][34][35][38] are denied.

3. Plaintiff Buie's motion [31] is granted to the extent that it seeks a status and denied as to any other relief requested. Plaintiff Buie was dismissed from this lawsuit on August 11, 2017.

4. Plaintiff Lisle's motion to resubmit complaint [37] is denied as premature as it was filed before entry of this Order. Plaintiff Lisle may resubmit an amended complaint in accordance with this Order.

5. Plaintiffs' motion for leave to file an amended complaint [15] is denied for the reasons stated above as it attempts to pursue this case as a class action.

Entered this 8th day of January, 2018

/s/Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE