UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STEVEN D. LISLE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 17-1336 |
| | ) | |
| MICHAEL MELVIN, *ET AL.* | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW ORDER**

This case is before the court for a merit review of the plaintiff's amended complaint. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the amended complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff alleges in his amended complaint that, on March 1, 2017, unidentified members of the Orange Crush tactical team twisted, yanked, and bent his wrist while placing him in handcuffs despite Plaintiff's compliance with their orders. Plaintiff alleges the Orange Crush members then slammed him against a wall, smashed his face into the floor, stripped searched him, digitally penetrated his anus, and then marched him through the gallery with his genitals exposed while he endured ridicule from other inmates. Plaintiff alleges these officials then denied him medical care for a broken knee and bloody nose. Based on these allegations, Plaintiff states an Eighth Amendment claim for excessive force, humiliating strip search, and deliberate indifference to a serious medical need. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992); *King v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015); *Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016) (en banc).

Plaintiff does not state a claim for relief as it relates to his remaining allegations: a prison official's failure to follow state rules and regulations does not create a federally enforceable right, see *Lennon v. City of Carmel*, 865 F.3d 503, 509 (7th Cir. 2017); Plaintiff failed to identify a constitutionally protected activity that motivated the alleged retaliatory actions, see *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); no plausible inference arises that the John Howard Association, or its employees, are state actors for purposes of section 1983, or that they had contracted to perform a state function; plaintiff does not allege how he was treated differently than other inmates because of his race; plaintiff cannot sue the wardens simply because they are in charge, see *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); and, any remaining allegations are unrelated to the claims for excessive force, see *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017).

Plaintiff does not identify the members of the Orange Crush who used excessive force against him. Therefore, Defendant Melvin, the warden, will remain a defendant solely for purposes of identifying the proper defendants. *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555-56 (7th Cir. 1996) (Court may name high level administrators as defendants for purposes of identifying Doe defendants).

**IT IS THEREFORE ORDERED:**

1) Plaintiff's motion to amend complaint (#46) is granted. Clerk is directed to docket the amended complaint attached to plaintiff's motion.

2) Pursuant to its merit review of the amended complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states an Eighth Amendment claims for excessive force, humiliating strip search, and deliberate indifference to a serious medical need against the John Doe Defendant. Defendant Melvin shall remain a defendant solely for purposes of identifying the Doe defendants. All remaining Defendants are dismissed. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3) This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

4) The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion

requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

5) With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

6) The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

7) This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

8) Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

9) The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal

service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11) The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

12) The clerk is directed to terminate Defendants Kennedy, Emelly, Huston, Mister, Hagg, McBride, Henderson, Allen, Jatokey, Crossdayle, Murray, Jane Doe, and John Howard Association.

13) The clerk is directed to attempt service on the remaining defendants pursuant to the standard procedures.

14) Plaintiff filed a Motion to Transfer Venue (#42). Although he cites 28 U.S.C. § 1404, plaintiff is asking the undersigned and "all U.S. District Judges Presiding…"in the Central District of Illinois to recuse themselves from this case. 28 U.S.C. § 455 requires a judge to disqualify himself in any proceeding in which his impartiality might reasonably be questioned. However, the negative bias or prejudice from which the law of recusal protects a party must be grounded in some personal animus or malice that the judge harbors against him, of a kind that a fair-minded person could not entirely set aside when judging certain persons or causes. *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996). In addition, this bias must...arise from an extrajudicial source. *Id.* Finally, recusal is required only if actual bias or prejudice is proved by compelling evidence. *Id.* (citing *U.S. v. Balistrieri*, 779 F.2d 1191, 1202 (7th Cir. 1985)). Plaintiff speculates that the judges in this district have personal and professional relationships with prison guards at Pontiac, but outside of these unsupported assertions, plaintiff has not made a showing that requires recusal. Plaintiff's motion (#42) is denied.

15) Plaintiff Kenneth Powell's Motion (#39) and Plaintiff's Motion to Resubmit Complaint (#40) are denied as moot.

16) Plaintiff's Motion for Clarification and Notification (#45) is denied. Plaintiff cannot file motions on behalf of other inmates. In addition, neither plaintiff nor the inmates for whom he advocates signed the motion, and, therefore, it violates Rule 11 of the Federal Rules of Civil Procedure.

17) Plaintiff filed a motion (#47) requesting the Court "to order a polygraph test as to this motion and to learn if Lisle amended his petition and e-filed it and Pontiac employees stole his petition." Plaintiff filed an amended complaint with his motion (#46), and there is no relationship between this request and the relief plaintiff seeks in his lawsuit. *Pacific Radiation Oncology, LLC v. Queen's Medical*

*Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (the court lacks authority to issue injunctive relief where there exists no relationship between the request and the conduct asserted in the underlying complaint). Plaintiff's motion (#47) is denied.

Entered this 21st day of March, 2018.

/s/Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE